IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRENDA MARCELL OWEN,

OPINION and ORDER

Plaintiff,

v.                                                                     Case No.  21-cv-628-wmc

CDPU and STATE OF WISCONSIN,

Defendants.

*Pro se* plaintiff Brenda Marcell Owen has filed this proposed civil lawsuit against the Centralized Document Processing Unit ("CDPU") and the State of Wisconsin.  Based on her few allegations in her complaint and the over 100 pages of documents she attaches to her complaint, the court infers that Owen is attempting to challenge in federal court the child custody and support decisions from Wisconsin state court, as well as the decisions involving her access to food stamps and subsidized health insurance.  (*See* dkt. ##1, 1-1, 5.)  Since Owen is proceeding without prepayment of the filing fee, the court is required to screen her complaints under 28 U.S.C. § 1915(e)(2) to determine whether she may proceed with the proposed lawsuits.  Although Owen is held to a "less stringent standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), it appears that this lawsuit is subject to dismissal for lack of subject matter jurisdiction, but the court will give Owen the opportunity to amend her complaint to provide more details related to her request for access to food stamps.

1

OPINION

A federal court is one of limited jurisdiction.  Generally, this court may only consider cases:  (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332.  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Owen invokes this court's jurisdiction under 28 U.S.C. § 1331, so the court assumes that she intends to proceed against both defendants under 42 U.S.C. § 1983, for violation of her constitutional rights.  Yet neither the State of Wisconsin nor the CDPU is a "person" subject to suit under § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Ryan v. Ill. Dep't of Corr.*, 434 F.3d 1031, 1036 (7th Cir. 2006) (state agency is not a "person" for purposes of § 1983).  Perhaps more importantly, plaintiff's only statement in support of her claim is that she has been "billed $8,000.0 for child support, R&D fees, child support lien." (Compl. (dkt. #1) 2.)  And the relief she seeks is an award of money and an "order where they can no longer bill me child support . . . .  Be able to have health insurance coverage and foodstamps correct amount." (*Id.* at 4.)  This court lacks jurisdiction to address these issues.

To start, child custody, child support and alimony decisions fall within the areas of family or domestic relations, which is exclusively governed by state law.  *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (federal courts lack jurisdiction over domestic relations cases in which the relief sought would "involve[e] the issuance of a divorce, alimony, or

2

child custody decree"); *Rose v. Rose*, 481 U.S. 619, 625 (1987) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern."). Indeed, federal courts must refrain from exercising jurisdiction over claims that would interfere with domestic-relations issues that belong in state court. *See Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007).

Moreover, lower federal courts are precluded by the *Rooker-Feldman* doctrine from reviewing state-court judgments, such as a denial of visitation or a state-court-ordered injunction or restraining order. That doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. *See Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). For the most part, litigants who feel that a state court proceeding has violated their federal rights must assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court. *See Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that *Rooker-Feldman* barred review of claims related to a state court divorce and child custody proceedings); *T.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (applying *Rocker-Feldman* to a Wisconsin child-custody decision). Since it appears that at least some

of the relief Owen is seeking would require the court to review state court orders related to her custody and child support arrangements, such a claim may not go forward in this court.

Owen does not flesh out her claims related to food stamps or health insurance, and the attachments to her complaint do not shed light on what claim she might be pursuing. Indeed, she does not allege that her ability to collect food stamps has been terminated; instead she is asking that the court provide the "correct amount" of food stamps, suggesting that she is still receiving this benefit to at least some degree. As for health insurance, Owen provides *no* allegations or documentation that might begin to hint at what wrongful conduct she has experienced related to health insurance.

Accordingly, to the extent Owen is seeking independent claims related to these benefits, her allegations do not satisfy the minimal pleading requirements of Federal Rule of Civil Procedure 8, which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." In other words, the complaint must provide notice to the defendant of what plaintiff believes they did to violate her rights, and the complaint must contain enough allegations of fact to support a claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Since Owen alleges no facts whatsoever underpinning her requests for the correct amount of food stamps and health insurance, these claims are subject to dismissal.

In fairness, because Owen brings up her ability to access the food stamps she is owed, there is a possible, quite narrow, avenue available for Owen to state a claim for injunctive relief against the head of the agency responsible for administering the food

stamp program in Wisconsin.  Because the food stamp benefit is funded by the federal government, each state must administer the program in compliance with the Food Stamp Act and accompanying regulations.  *See Stone v. Hamilton*, 308 F.3d 751, 752 (7th Cir. 2002) (citing 7 U.S.C. §§ 2011 & 2020, 7 C.F.R. § 273.18(a)(2)-(3)).  Although the Food Stamp Act does not set forth a private right of action, several courts, including this circuit court, have concluded that there is a private right of action against state officials for compliance with the Food Stamp Act.  *See, e.g., Haskins v. Stanton*, 794 F.2d 1273, 1274 (7th Cir. 1986) (holding indigent persons denied food stamp benefits had "a private right of action to enforce compliance with the Food Stamp Act by . . . state officials"); *Victorian v. Miller*, 813 F.2d 718, 720–21, 724 n.13 (5th Cir. 1987) (action against Texas Department of Human Services officials).  Owen has not provided any details about her request to receive the correct amount of food stamps, but it is conceivable that she might have a federal claim for relief, if she can allege in good faith that her benefits have been terminated in violation of the Food Stamp Act.

The court will give Owen a brief window of time to file an amended complaint that focuses solely on her belief that she is not receiving the amount of food stamps that she is actually owed.  In crafting her amended complaint, Owen may not simply file documents with the court and expect the court to piece together what happened.  Rather, Owen should draft her proposed amended complaint as if she is telling a story to someone who knows nothing about his situation.  In support of her claim, Owen should provide as much detail about her efforts to obtain the food stamp benefits that she believes she deserves under the Food Stamp Act, and what events led her to receive less than she is entitled.  Owen should

pay particular attention to details related to her communications with Wisconsin agencies responsible for administering the Food Stamp Act.  Moreover, if Owen's access to food stamps has been terminated, Owen should provide details about the notice she received, whether she had the ability to participate in the termination hearing and the results of that hearing.  If she submits a proposed amended complaint by the deadline set forth below, the court will screen it under § 1915(e)(2).

ORDER

IT IS ORDERED that

1)   Plaintiff Brenda Marcell Owen is DENIED leave to proceed on any claim in this lawsuit, and this case is DISMISSED without prejudice.

2)   Plaintiff has until **February 14, 2022**, to file an amended complaint that provides more details about her claim related to food stamps, as explained above.

3)   If plaintiff fails to file an amended complaint **February 14**, the court will dismiss this case without prejudice, for lack of subject matter jurisdiction.

Entered this 24th day of January, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge